UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                                            :   18-CV-1583 (ARR) (VMS)
:
*Plaintiff*,                                       :
:
-against-                                                :   **OPINION & ORDER**
:
YITZCHOK SCHWARTZ and ESTHER SCHWARTZ,                               :
:
*Defendants*.                                     :
:
-------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff, the United States of America, commenced this action in order to collect the unpaid tax liabilities of defendants, Yitzchok Schwartz and Esther Schwartz. Plaintiff now seeks summary judgment against defendants. For the reasons set forth below, I grant plaintiff's motion.

## BACKGROUND[1]

This suit concerns defendants' tax liabilities for 2004, 2005, 2006, 2007, 2008, 2010, 2011,

---

[1] The facts set forth in this section are based on plaintiff's 56.1 Statement, defendants' "counterstatement of material facts," and plaintiff's responsive counterstatement. I note, however, that defendants' "counterstatement" does not conform to Local Rule 56.1: while defendants have put forward their own facts, they have not included "a correspondingly numbered paragraph [to plaintiff's 56.1 Statement] responding to each numbered paragraph in [that 56.1 Statement]." Local Civ. R. 56.1(b). I therefore deem admitted the facts from plaintiff's 56.1 Statement that are supported by the record and that do not specifically contradict facts put forth in defendants' "counterstatement." *See* Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015) (holding that the district court "acted within its discretion in deeming all facts in [the] defendants' Local Rule 56.1 [S]tatement admitted" when the plaintiff did not submit a counterstatement); *Versace v. Versace*, 01-CV-9645 (PKL), 2003 WL 22023946, at *2 (S.D.N.Y. Aug. 27, 2003) (collecting cases).

and 2012. Pl.'s Rule 56.1 Statement ¶¶ 1, 11, ECF No. 61-2. Between 2008 and 2014, a delegate of the Secretary of the Treasury made income tax assessments against defendants for each of these years, gave notice to defendants of the assessments, and made demand for payment. *Id.* ¶¶ 1, 2, 11; Mot. for Summ. J. ("Pl.'s Mot."), Exs. 1–7, at 1, 3, ECF No. 61-3 (providing the dates of assessment and notice for 2004, 2005, 2006, 2008, 2010, 2011, and 2012); Pl.'s Mot., Decl. of Andrew Barone ("Barone Decl. I"), Ex. E, at ¶¶ 7, 11, ECF No. 61-4 (providing the dates of assessment and notice for 2007). Defendants, however, failed to pay the liabilities in full. Pl.'s Rule 56.1 Statement ¶¶ 3, 11.

In a letter dated March 12, 2018 ("March 12 Demand Letter"), a Revenue Officer from the Department of the Treasury informed defendants that the Internal Revenue Service ("IRS") was pursuing a suit against them and that, to avoid being sued, defendants were required to pay $1,812,466.79. Defs.' Counterstatement of Material Facts ("Defs.' Counterstatement") ¶¶ 3–4, ECF No. 62-1; Pl.'s Counterstatement of Material Facts ("Pl.'s Counterstatement") ¶ 3, ECF No. 63-1; Defs.' Mem. in Opp. Summ. J. ("Defs.' Mem."), Aff. of Yitzchok Schwartz, Ex. 1, ECF No. 62-2. On March 14, 2018, plaintiff brought this action to collect defendants' unpaid liabilities for the years in question, which the Complaint listed as $ 1,583,086.49. Defs.' Counterstatement ¶ 5; Pl.'s Counterstatement ¶ 5; *see also* Compl. ¶ 7, ECF No. 1. Discovery followed, at the close of which plaintiff filed a motion for summary judgment. *See* Pl.'s Mot., ECF No. 61. According to plaintiff, as of August 27, 2021, the total amount owed was $1,847,639.45. Pl.'s Rule 56.1 Statement ¶¶ 1, 16; Ltr. Explaining Calculation of Amts. Owed by Defs., Decl. of Andrew Barone ("Barone Decl. II") ¶ 27, ECF 66-1. This amount reflects plaintiff's calculation of the principal amount owed, the payments already made and credits applied, and additional costs, accruals, penalties, and interest to that date. Pl.'s Rule 56.1 Statement ¶¶ 3, 11–16; Barone Decl. II ¶¶ 5–27.

It is further broken down as follows:

| Tax Period Ending | Balance Due as of 08/27/2021 |
|---|---|
| 12/31/2004 | $199,229.99 |
| 12/31/2005 | $329,164.61 |
| 12/31/2006 | $263,531.80 |
| 12/31/2007 | $469,451.00[2] |
| 12/31/2008 | $62,067.43 |
| 12/31/2010 | $111,260.29 |
| 12/31/2011 | $29,931.17 |
| 12/31/2012 | $383,003.16 |
| **Total:** | **$1,847,639.45** |

Pl.'s Rule 56.1 Statement ¶¶ 1, 16; Barone Decl. II ¶¶ 9–14, 26–27. Plaintiff now asks that I reduce these liabilities to judgment. *See* Pl.'s Mem. in Support of Summ. J. 12, ECF No. 61-1.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute

---

[2] Plaintiff explains that the actual balance of defendants' tax liability for 2007 as of August 27, 2021 is $639,043.73. Pl.'s Rule 56.1 Statement ¶ 15; *see also* Pl.'s Mot., Decl. of Roberta Wong-Brink ("Wong-Brink Decl.") ¶ 9 & Ex. 1, ECF No. 61-5. The amount plaintiff initially sought in its Complaint—$402,373.98, as of March 13, 2018, *see* Compl. ¶ 5—reflected a miscalculation of various penalties, which plaintiff realized over the course of discovery. Pl.'s Rule 56.1 Statement ¶ 12; Barone Decl. I ¶¶ 7–20. Plaintiff engaged the assistance of Tax Division Recomputation Specialist Roberta Wong-Brink, who recalculated the tax, penalties, interest, and total balance owed by defendants as of August 27, 2021. Pl.'s Rule 56.1 Statement ¶¶ 12–15; *see generally* Wong-Brink Decl. Ms. Wong Brink determined that defendants' actual balance for 2007 is $639,043.73. Pl.'s Rule 56.1 Statement ¶ 15; Wong-Brink Decl. ¶ 9. Although this figure is higher than the amount plaintiff now seeks for 2007, plaintiff "seeks judgment only based on the amount sought in the [C]omplaint, plus statutory accruals on that amount." Pl.'s Mem. in Support of Summ. J. 8, 10–11, ECF No. 61-1; *see also* Pl.'s Rule 56.1 Statement ¶ 16 (identifying that amount as $469,451.00 as of August 27, 2021); Ltr. Explaining Calculation of Amts. Owed by Defs., Decl. of Andrew Barone ("Barone Decl. II") ¶¶ 24–27, ECF 66-1.

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While a court deciding a motion for summary judgment must "resolve all ambiguities and draw all factual inferences in favor of the nonmovant, [the nonmovant] may not survive summary judgment merely by conjuring a hypothetical issue of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal citation and quotation marks omitted). Rather, "[w]here the moving party demonstrates the absence of a genuine issue of material fact, the [nonmoving] party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal citations and quotation marks omitted). In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts[] and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal citations and quotation marks omitted).

## DISCUSSION

"If a taxpayer is liable to the IRS, the Government may proceed in district court to obtain a judgment for the amount assessed against the taxpayer." *United States v. Sweeny*, 418 F. Supp. 2d 492, 496 (S.D.N.Y. 2006) (citing 26 U.S.C. § 7402(a)). "It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a *prima facie* case of liability, such that the Government is entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct." *United States v. Chrein*, 368 F. Supp. 2d 278, 282 (S.D.N.Y. 2005) (quotation marks and internal citation omitted); *see also United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). In an action to reduce an assessment to judgment, the burden is therefore on the taxpayer "to prove the invalidity of the tax assessment." *Sweeny*, 418 F. Supp. 2d at 496; *see also Papandon v. United*

4

*States ex rel. Perler*, 350 F. App'x 491, 493 (2d Cir. 2009) ("A government tax assessment is generally presumed to be correct, and a taxpayer who contests such an assessment bears the burden of proving that it is not."). To defeat a motion for summary judgment by the government, "the taxpayer must not only show that the assessment is incorrect, but it must also prove the correct amount of the tax." *Sweeny*, 418 F. Supp. 2d at 496 (quotation marks and citation omitted); *see also United States v. Graham*, No. 13-CV-1288 (WFK), 2015 WL 1003458, at *3 (E.D.N.Y. Mar. 6, 2015) ("To create a genuine issue as to the amount of his tax liability, the defendant must point to specific evidence that demonstrates the proper amount of his tax liability." (quotation marks, citation, and alterations omitted)). "Mere conclusory denials and bald assertions about the proper amount of tax liability are insufficient to avoid summary judgment." *United States v. Wales*, No. 14-CV-864 (GWG), 2017 WL 2954683, at *5 (S.D.N.Y. July 11, 2017) (alterations omitted) (quoting *O'Callaghan v. United States*, 943 F. Supp. 320, 327 (S.D.N.Y. 1996)).

Defendants here have not met their burden. Their principal argument is that plaintiff is not entitled to summary judgment because, between 2018 and 2021, it demanded the payment of different amounts of money. Defs.' Mem. 8–10, 14–16, ECF No. 62. According to defendants, these "discrepancies" are unexplained by plaintiff and preclude summary judgment in its favor. *Id.* As an initial matter, defendants are incorrect that plaintiff has not provided a basis for the "discrepancies": for every year but 2007, plaintiff explains, "[t]he primary reason for the different amounts cited by the [d]efendants is that the amounts were calculated on different dates," meaning that the interest accrued varied, Pl.'s Reply to Defs.' Opp. 5, ECF No. 63, and plaintiff has provided documentation establishing why the figure for 2007 changed over the course of the case, *see supra* n.2. Indeed, to substantiate the $1,847,639.45 total it requests in its motion for summary judgment, plaintiff has submitted a sworn declaration from an IRS Revenue Officer that breaks down exactly

5

how plaintiff calculated defendants' unpaid balance for each year in question, including the principal amount owed, the payments made and credits applied, and additional costs, accruals, penalties, and interest up to August 27, 2021. *See* Barone Decl. II ¶¶ 5–27; *see also* Pl.'s Mot., Exs. 1–7, at 1 (providing principal amounts, via IRS transcript, that correspond with those in the Revenue Officer's Declaration); *Wales*, 2017 WL 2954683, at *5, 10 (noting that courts may rely on both tax transcripts and the sworn declarations of Revenue Officers in deciding motions for summary judgment). Against this record, defendants offer only general objections to the forms of documentation plaintiff has submitted, the different amounts it has requested, and the level of detail it has provided. *See* Defs.' Mem. 8–10, 14–16; Att'y's Supp. Aff. 3–7, ECF No. 68. As explained above, these objections are not enough to overcome the presumption that the IRS's assessment is correct, and they cannot defeat plaintiff's motion for summary judgment. *Cf. United States v. Ogonoski*, No. 07-CV-1201 (CFD), 2010 WL 1240799, at *2 (D. Conn. March 22, 2010) ("By simply arguing that [the tax assessments] are not correct, the defendant has failed to satisfy [the] standard [to defeat the plaintiff's motion for summary judgment]."); *Graham*, 2015 WL 1003458, at *4–5 (granting the plaintiff's motion for summary judgment where the defendants could not "point[] to specific evidence to dispute the Government's presumptively valid tax assessments" and "failed to prove the correct amount of the assessment" they disputed).

In addition to questioning the amount they owe, defendants offer two further arguments in opposition to plaintiff's motion. First, they claim that plaintiff did not give them proper notice of their unpaid liabilities prior to its commencement of the instant action. *See* Defs.' Mem. 10–12. Specifically, defendants allege that notice was improper because "the [March 12] Demand Letter sought [an amount greater than the amount listed in the Complaint] and was sent to [defendants] in a manner which did not even allow [them] to receive and respond to the claimed amount due

6

prior to the commencement of this lawsuit." Defs.' Counterstatement ¶ 7; *see also* Defs.' Mem. 11–12. For the purposes of this opinion, I accept as true defendants' contention that they did not receive the March 12 Demand Letter until after plaintiff filed suit two days later. But the government has submitted documentation showing that defendants were given notice of their unpaid tax liabilities far earlier than March 12, 2018: for tax years 2004, 2005, 2006, 2007, 2008, 2010, 2011, and 2012, plaintiff sent defendants notice on March 31, 2008, March 24, 2008, March 17, 2008, July 30, 2012, May 20, 2013, February 18, 2013, February 18, 2013, and May 26, 2014, respectively. *See* Pl.'s Mot., Exs. 1–7, at 1, 3 (providing the dates of assessment and notice for 2004, 2005, 2006, 2008, 2010, 2011, and 2012); Barone Decl., Ex. E, at ¶¶ 7, 11 (providing the dates of assessment and notice for 2007). In each case, the notice was issued within sixty days of the date the Treasury of the Secretary made the relevant assessment, as required by statute, *see id.*; *see also* 26 U.S.C. § 6303(a), and defendants have not denied that they received any of these forms of notice, *see generally* Defs.' Counterstatement. Defendants' focus on the March 12, 2018, Demand Letter is therefore irrelevant: there is no genuine dispute of material fact that they received proper notice of their tax liabilities within the requisite statutory period.[3] *See also United States v. Holland*, No. 09-CV-2013 (CFD), 2011 WL 841055, at *4 (D. Conn. March 3, 2011) (explaining that "[s]everal Circuit Courts of Appeals have held that notice is not a prerequisite to a civil suit to collect a tax assessment" (citations omitted)).

Defendants' final argument is that plaintiff is not entitled to summary judgment because its conduct toward defendants violated the Taxpayer Bill of Rights—a document published by the IRS that "explains [one's] rights as a taxpayer and the processes for examination, appeal,

---

[3] Indeed, plaintiff has demonstrated that IRS officers were in frequent contact with defendants and their representatives regarding defendants' unpaid taxes beginning in March 2008. *See* Barone Decl. ¶¶ 9–10 & Ex. D.

7

collection, and refunds," Defs.' Mem., Aff. of Yitzchok Schwartz, Ex. 4; *see also* Defs.' Counterstatement ¶ 15; Pl.'s Counterstatement ¶ 15. Defs.' Mem. 12–14. This contention is without merit. The Taxpayer Bill of Rights is merely an informational publication that "groups the existing rights in the tax code into ten fundamental rights, and makes them clear, understandable, and accessible," *United States v. Pieron*, No. 18-CR-20489 (TLL), 2021 WL 2413335, at *8 (E.D. Mich. June 14, 2021) (quoting *Taxpayer Bill of Rights*, Taxpayer Advocate Service, https://www.taxpayeradvocate.irs.gov/get-help/taxpayer-rights/ (last accessed July 18, 2022)); it does not "grant new enforceable rights," nor does it "confer any individual cause of action," *Eckhardt v. IRS*, No. 21-H-1297 (LHR), 2022 WL 2528613, at *6 (S.D. Tex. July 7, 2022) (quoting *Facebook Inc. v. IRS*, No. 17-CV-6490 (LB), 2018 WL 2215743, at *13 (N.D. Cal. May 14, 2018)); *see also Pieron*, 2021 WL 2413335, at *8. I am therefore not persuaded—and defendants have offered no caselaw to the contrary—that it can defeat a motion for summary judgment where, as here, plaintiff has demonstrated that there is no genuine dispute of material fact that it has met the statutory requirements to have its assessments reduced to judgments. While defendants may pursue a civil suit against the IRS if they believe the agency has disregarded its obligations under the tax code, *see* 26 U.S.C. § 7433; *Pieron*, 2021 WL 2413335, at *9; *Eckhardt*, 2022 WL 2528613, at *6, their reference to alleged violations of the Taxpayer Bill of Rights does not help them here.

In sum, there is no genuine dispute of material fact as to the amount defendants owe, the notice they received of their tax liabilities, or plaintiff's compliance with any other statutory requirements. Plaintiff is therefore entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, I grant plaintiff's motion for summary judgment. Judgment as

to defendants' tax liabilities for 2004, 2005, 2006, 2007, 2008, 2010, 2011, and 2012 shall enter in the amount of $1,847,188.45, plus statutory additions and interest that have accrued since August 27, 2021. The clerk of court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:  July 19, 2022
        Brooklyn, New York