UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                                          :      18-CV-1583 (ARR) (VMS)
:
                     *Plaintiff*,                                              :      <u>NOT FOR ELECTRONIC</u>
:      <u>OR PRINT PUBLICATION</u>
   -against-                                                     :
:
YITZCHOK SCHWARTZ and ESTHER SCHWARTZ,          :      **OPINION & ORDER**
:
                     *Defendants*.                                            :
:
------------------------------------------------------------------- X

ROSS, United States District Judge:

      On July 19, 2022, I entered an order granting plaintiff's motion for summary judgment and entering judgment as to defendants' unpaid tax liabilities for 2004, 2005, 2006, 2007, 2008, 2010, 2011, and 2012. Defendants now ask that I reconsider my prior opinion and vacate the judgment entered by the clerk of the court; stay execution of the judgment pending their appeal to the Second Circuit; and recuse myself from the case.

      "Under Local Civil Rule 6.3, the standard for a motion for reconsideration is strict." *Wyche v. Km Sys., Inc.*, No. 18-CV-7202 (KAM), 2021 WL 1535529, at *1 (E.D.N.Y. Apr. 19, 2021) (citation and quotation marks omitted). It "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion," *WestLB AG v. BAC Fla. Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (citation and quotation marks omitted), nor is it a chance for the movant to take "a second bite at the apple," *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (citation and quotation marks omitted). Rather, a motion for reconsideration shall be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct

1

a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013), that "might reasonably be expected to alter the conclusion reached by the court." *Cooper v. Lapra*, No. 18-CV-9405 (KPF), 2020 WL 7027592, at *1 (S.D.N.Y. Nov. 30, 2020) (citation and quotation marks omitted).

Defendants' motion fails to meet this standard. Defendants' main argument is that I violated their substantive and procedural due process rights by requesting, after the formal close of discovery, that plaintiff file documentation explaining how the IRS calculated defendants' tax liabilities and considering that documentation in my opinion. Defendants have not cited any authority in support of their claim that these actions violated the Fourteenth Amendment, and a review of the applicable law explains why: both the Federal Rules of Civil Procedure and dozens of cases in this Circuit make clear that courts have discretion to "give [a party] an opportunity to properly support or address" a fact not fully addressed in its initial summary judgment filings. Fed. R. Civ. P. 56(e)(1); *see also, e.g., Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 116 n.4 (2d Cir. 2017); *Oparji v. Mun. Credit Union*, No. 19-CV-4034 (AT) (SN), 2020 WL 2217209, at *4 (S.D.N.Y. Jan. 6, 2020); *ECD Inv. Grp. v. Credit Suisse Int'l*, No. 14-CV-8486 (VM) (SN), 2017 WL 3708620, at *3 (S.D.N.Y. Aug. 8, 2017). Indeed, in this case I requested supplemental documentation from plaintiff out of an abundance of caution in favor of *defendants*: because the IRS's tax calculations are "presumptively valid and create a *prima facie* case of liability," *United States v. Chrein*, 368 F. Supp. 2d 278, 282 (S.D.N.Y. 2005) (quotation marks and internal citation omitted), that defendants were unable to overcome through their general objections to "discrepancies" in the amounts, *see* Op. 5–6, ECF No. 69, I could have granted summary judgment based on plaintiff's initial briefing alone. My request that plaintiff provide a more detailed account of the math behind its calculations was intended to provide further certainty

2

that the amounts entered into judgment were in fact correct. *Cf. Oparaji*, 2020 WL 2217209, at \*4 (noting that allowing the defendant to supplement an earlier declaration did not prejudice the plaintiff). In asking for this additional level of detail—and in giving defendants their own opportunity to respond to plaintiff's filing—I did not violate the due process rights of defendants.[1]

Defendants also argue that I should have allowed them to conduct depositions of two IRS agents who submitted declarations in support of plaintiff's motion. To the extent defendants offer the same arguments on this issue as they did when they sought to depose an IRS agent during discovery, I reject their attempt to relitigate an issue already decided by Magistrate Judge Scanlon. *See* Mem. & Order, ECF No. 48; *see also Moreno-Cuevas v. Huntington Learning Ctr.*, 501 F. App'x 64, 66 (2d Cir. 2012) ("[A] motion for reconsideration [is] properly denied where [it] seeks only to relitigate issues already decided."). To the extent defendants want to depose different IRS agents or seek deposition testimony on topics not covered in Magistrate Judge Scanlon's opinion, I note that, though they could have, defendants did not file any further motions to compel depositions following that opinion. I decline to address these arguments for the first time in their motion for reconsideration of my summary judgment order. *See Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 265 (E.D.N.Y. 2016) (finding that "[a]rguments raised for the first time in a motion for reconsideration are not properly presented to the district court and, absent a reason

---

[1] Defendants also take issue with the fact that I did not give them a chance to cure the deficient 56.1 Statement they submitted as part of their response to plaintiff's motion. But there is no requirement that I afford all parties to a case the same opportunity to correct or supplement their summary judgment filings (particularly since in their filing defendants were able to offer only "conclusory denials and bald assertions" that plaintiff had miscalculated their tax liabilities, *United States v. Wales*, No. 14-CV-864 (GWG), 2017 WL 2954683, at \*5 (S.D.N.Y. July 11, 2017) (quotation marks and citation omitted)). Moreover, I made clear in my opinion that I relied on plaintiff's 56.1 Statement only when the facts it contained were "supported by the record" and "did not specifically contradict facts put forth in defendants' 'counterstatement,'" Op. 1 n.1, ECF No. 69.

to excuse the untimeliness, are waived by the party" and collecting cases (citation, quotation marks, and alterations omitted)).

Defendants also ask that I stay execution of the judgment pending appeal.[2] Under Federal Rule of Civil Procedure 62(b), "a party may obtain a stay by providing a bond or other security." Though a bond is normally required for a stay of execution lasting longer than thirty days, a district court "may, in its discretion, waive the bond requirement *if the appellant provides an acceptable alternative means of securing the judgment*." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (emphasis added) (citation and quotation marks omitted). The Second Circuit has adopted a nonexclusive five-factor test for determining whether to waive the bond requirement, with the factors aimed at ensuring that the party who ultimately prevails will be able to collect the money it is owed while also protecting "the judgment debtor from the risk of losing the money if the decision is reversed." *Id.* at 418. Here, however, defendants have not addressed any of the relevant factors, leaving me unable to determine whether it is appropriate to stay the execution of the judgment without requiring a bond. I therefore deny their request.

Finally, defendants argue that I should recuse myself from any future proceedings in this case. Defendants' argument is based entirely on their belief that, in my rulings thusfar I have "not acted entirely impartially" and have "granted favorable treatment to the Government to [defendants'] detriment." But "[d]isagreement with a court's decision[s], in and of itself, is not a sufficient basis on which [a court will] grant a recusal motion." *Thomas v. N.Y.C. Hous. Auth.*, No. 14-CV-4636 (MKB), 2015 WL 2452576, at *3 (E.D.N.Y. May 20, 2015) (collecting cases); *see*

---

[2] As defendants explain that they are bringing their motion for a stay pursuant to Rule 8 of the Federal Rules of Appellate Procedure, it is unclear whether this motion is even properly before me.

*also Liteky v. United States*, 510 U.S. 540, 555 (1994); *Phelan v. Sullivan*, 541 F. App'x 21, 25 (2d Cir. 2013). Though defendants may be unhappy with my rulings, they have not demonstrated that those rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555—indeed, I hold no such favoritism or antagonism. Accordingly, I decline to recuse myself.

For the foregoing reasons, I deny defendants' motion in its entirety.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   August 25, 2022
         Brooklyn, New York

5